(No. 75-243—)

MARTHA BRAZLEY, ADMINSTRATRIX OF THE ESTATE OF MAYDIS MONTGOMERY, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed March 14, 1977.*

SEIBERT & DANIELS, Attorneys for Claimant.

WILLIAM J. SCOTT, Attorney General; RICHARD J. GROSSMAN, Assistant Attorney General, for Respondent.

PER CURIAM.

This cause coming on to be heard on the Joint Stipulation of the parties hereto, and the Court being fully advised in the premises;

This Court finds that this claim seeks the sum of $1,553.25 representing the burial expenses incurred as a result of the death of Maydis Montgomery, a patient of the Department of Mental Health, Elgin State Hospital on January 1, 1974.

On the evening of January 1, 1974, decedent together with other patients was taken by an employee of

the hospital to dinner which required the patients to be taken outdoors from the building in which they were housed to a dining room about one-half block away.

At the time the decedent was taken to dinner there were four persons scheduled to be on duty, however two of these individuals had called in ill and did not report to work. Since department rules required at least one person to remain on a ward at all times, there was only one person available to escort some 45 patients to and from the dining room for dinner.

As a result of the foregoing conditions, Claimant's decedent was allowed to wander away from the group, off the grounds of the hospital, onto the highway. The facts disclose that she then stepped into the path of a moving automobile and was instantly killed.

Although Elgin State Hospital is not a custodial institution and therefore does not have a "closed gate" security system, there remains the fact that Respondent was aware of decedent's known tendency to wander away from groups traveling to and from meals. She had previously been found walking on the streets around the grounds of the institution.

The Department of Mental Health decided that it would be in the best interest of the State of Illinois that this claim be adjusted, and that the Claimant be reimbursed for the reasonable burial expenses which she incurred in providing the decedent with a proper burial.

Pursuant to the Department's request for an adjustment, a stipulation was prepared and sent to the Court, whereby it appears that all matters in controversy between Claimant and the State of Illinois have been adjusted to the mutual satisfaction of the parties and their attorneys and that the expenses incurred are just and reasonable.

Claimant is hereby awarded the sum of One Thousand Five Hundred Fifty-Three and 25/100 Dollars ($1,553.25).